UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:19-cr-475-TPB-LSG

MICHAEL GREGORY DORCEUS,

    Defendant.
_____/

**ORDER DENYING "DEFENDANT MICHAEL GREGORY DORCEUS' MOTION TO DISMISS THE INDICTMENT WITH PREJUDICE"**

This matter is before the Court on "Defendant Michael Gregory Dorceus' Motion to Dismiss the Indictment with Prejudice," filed by counsel on July 7, 2025. (Doc. 86). On August 8, 2025, the United States of America filed a response in opposition to the motion. (Doc. 91). On August 15, 2025, Defendant filed an unauthorized reply.[1] (Doc. 92). On October 8, 2025, the Court held a hearing to address this matter. (Doc. 99). After reviewing the motion, response, reply, court file, and the record, the Court finds as follows:

On September 30, 2019, U.S. Postal Inspection Service agents and Homeland Security agents conducted a controlled delivery of an intercepted package of cocaine to its Tampa destination. A woman accepted the package and ultimately delivered the package to two black males, later identified as Youvens Paul (the driver of a vehicle and a co-defendant in this case) and Defendant (the passenger of the vehicle). The package was placed in the trunk of the car, and Paul and Defendant drove to an

---

[1] Although the reply was unauthorized, in the interest of judicial economy, the Court will consider it.

apartment in Orlando where the package was opened at approximately 7:00 pm. Homeland Security agents took up positions around the residence for surveillance, and after obtaining a search warrant, they entered the residence at 10:35 pm. During the search, agents discovered evidence of illegal drugs, including cocaine.

Paul was arrested, while Defendant remained at large. On February 8, 2024, the Court directed a status report as to the efforts to apprehend Defendant. On February 22, 2024, the Government stated that Homeland Security confirmed that it was conducting monthly database checks and maintaining investigation due diligence. Defendant was arrested on unrelated drug charges on April 11, 2025, in Orlando, Florida – when officials realized he had an outstanding warrant, they notified the United States Marshals Service.

Defendant is charged in a five-count indictment with conspiracy to import 500 grams or more of cocaine into the United States (Count One), conspiracy to possess with the intent to distribute 500 grams or more of cocaine (Count Two), aiding and abetting persons in possessing with the intent to distribute 500 grams or more of cocaine (Count Three), aiding and abetting the possession of a firearm in furtherance of a drug trafficking crime (Count Four), and possession of a firearm by a convicted felon (Count Five). Defendant now seeks dismissal with prejudice of the indictment based on his Sixth Amendment constitutional speedy trial rights.

## Analysis

As a threshold matter, a defendant must first show the length of the delay between the indictment and brining the defendant to trial is long enough to presume prejudice and trigger a full-fledged constitutional analysis. *See United States v.*

*Vargas*, 97 F.4th 1277, 1285 (11th Cir. 2024); *Villarreal*, 613 F.3d. at 350. A delay of more than one year is generally enough to presume prejudice. *Vargas,* 97 F.4th at 1285. Here, the delay of over five years is enough to presume prejudice, and the Government does not contest that sufficient time has elapsed to trigger a constitutional analysis. However, even if the delay is presumptively prejudicial, this alone is not enough to establish a constitutional speedy trial violation. *See Doggett v. United States*, 505 U.S. 647, 655-56 (1992) (noting that presumptively prejudicial delay "cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria").

To determine whether a defendant's constitutional right to a speedy trial has been violated, courts then consider "whether the first three '*Barker* factors' – (1) the length of the delay, (2) the reason for the delay and (3) the defendant's assertion of his speedy-trial right – weigh heavily against the government." *Id*. (citing *Turner v. Estelle*, 515 F.2d 853, 856-58 (5th Cir. 1975)). If so, prejudice is presumed, and the defendant prevails. *Id*. If not, the defendant must establish actual prejudice to prevail on his claim. *Id*. There are no hard and fast rules – each case must be decided upon its own facts, "and district courts are afforded 'considerable deference' when weighing the *Barker* factors." *Id*.

The burden is on the Government to explain the length and cause of any delays. *United States v. Machado*, 886 F.3d 1070, 1080 (11th Cir. 2018) (citing *United States v. Ingram*, 446 F.3d 1332, 1337 (11th Cir. 2006). "The longer the delay, . . . the heavier the government's negligence must be weighted." *Id*. (citing *Doggett v. United States*, 505 U.S. 647, 657 (1992)). After all, "[a]lthough negligence is obviously to be weighted

more lightly than a deliberate intent to harm the accused's defense, it still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun." *Doggett*, 505 U.S. at 657.

To explain the length of and reason for the delay, the Government argues Defendant hid from law enforcement, and that law enforcement acted diligently in its efforts to locate Defendant, including (1) conducting national database checks based on Defendant's name, date of birth, social security number, and driver's license number; (2) conducting searches for law enforcement encounters by running Defendant's picture through facial recognition software; (3) running various information checks; and (4) conducting surveillance outside the residence of Defendant's parents. These efforts were not successful because Defendant did not live at his home of record, did not use his name or date of birth for employment purposes, and even described himself as homeless/unemployed when filling out benefits paperwork. Defendant had not updated the information on his driver's license since August 3, 2018, and his license expired in 2022. The house where Defendant was ultimately arrested was in his mother's name.

Following an evidentiary hearing, based on the length of the delay and the reasons for the delay, the Court finds that the Government acted with the required diligence. Agents frequently checked electronic databases for updated information on Defendant's possible whereabouts. But they did more than simple automated computer checks. Here, law enforcement officers occasionally conducted surveillance at Defendant's parents' residence in their attempts to locate him. *See United States v. Machado*, 866 F.3d at 1077-78 (11th Cir. 2019) (finding that officers acted diligently by

visiting the defendant's last known address and entering his information into available crime information databases); *United States v. Bagga*, 782 F.2d 1541, 1543 (11th Cir. 1986) (finding that officers acted diligently by seeking information from local police authorities, registering the defendant in a national crime information network, and attempting to locate the defendant at his last-known address and at a restaurant owned by his family).  Perhaps officers could have done more, but they made sufficient reasonable efforts.

Because the Government pursued Defendant with reasonable diligence from his indictment to his arrest, there is no speedy violation.  In addition, Defendant has not shown any actual prejudice caused by the delay.  The motion to dismiss the indictment with prejudice is therefore denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant Michael Gregory Dorceus' Motion to Dismiss the Indictment with Prejudice" (Doc. 86) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of November, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE